UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCHOOL BOARD OF MANATEE
COUNTY, FLORIDA,

    Plaintiff,

v.                            CASE NO:  8:08-cv-1435-T-33MAP

L.H., a Minor by and through
her parents, D.H. and B.H.,
individually, and as parents
and next friends of L.H.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff's Motion for Summary Judgment (Doc. # 26), which was filed on December 1, 2008. Defendants filed a Response thereto on December 18, 2008 (Doc. # 30).

Plaintiff appeals from a Final Order entered by an Administrative Law Judge (ALJ) of the Division of Administrative Hearings, State of Florida, rendered after an impartial due process hearing under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. (IDEA). In the Final Order, the ALJ found, in pertinent part, that the Plaintiff's implementation of an "unwritten" policy[1] prevented

---

[1] Plaintiff has an "unwritten" policy that prohibits a private psychologist, who is paid by the parents to conduct an

Defendants from obtaining the evaluation they had retained Dr. Duncan, a private psychologist, to perform; that without the completed evaluation, the Defendants did not have the information they needed to effectively participate in the development of an educational plan for their child; and that Defendants' right to obtain an independent educational evaluation (IEE) under the IDEA included the right to have their private psychologist conduct in-school observations of their child.

Plaintiff argues that the ALJ lacked subject matter jurisdiction and authority under the IDEA to enter the Final Order, or, in the alternative, that the ALJ erred in interpreting and/or applying the law in ruling that Plaintiff was obligated to cooperate with an IEE being conducted by a licensed school psychologist at the request of the parents of a child with disabilities.

Having carefully considered the motion, the response, all other pleadings filed in relation to the motion, and the applicable case law, the Court finds that the appeal lacks merit and judgment should be entered against Plaintiff

---

independent educational evaluation (IEE), from conducting observations in the classroom as part of that IEE or private evaluation.

accordingly.[2]

Standard of Review

The IDEA guarantees "all children with disabilities have available to them a free appropriate public education [FAPE] that emphasizes special education and related services designed to meet their unique needs..." 20 U.S.C. § 1400(d)(1)(A); School Bd. of Collier County v. K.C., 285 F.3d 977, 979 (11th Cir. 2002). Federal funds are made available to state and local educational entities, which are required, through an evaluation process, to identify children with disabilities and to develop for each disabled child an annual individualized education program or IEP. 20 U.S.C. §§ 1411-1415. The IEP is formulated by the school during a meeting between the student's parents and school officials. Loren F. v. Atlanta Indep. Sch. Sys., 349 F.3d 1309, 1312 (11th Cir. 2003) (citing 20 U.S.C. § 1414(d)(1)(A)-(B)). "A parent who wishes to challenge an IEP, or any matter relating to the provision of a FAPE, may request an 'impartial due process hearing' before an ALJ." J.P. v. Cherokee County Bd. of Educ., 218 F. App'x 911, 912 (11th Cir. 2007).

---

[2] The facts involved in this case are not dispute and have been extensively set forth in the ALJ's Final Order and in the parties' pleadings. They do not bear repeating here.

3

A party aggrieved by the findings and decision of an ALJ may bring a civil action in a district court of the United States for purposes of appeal. 20 U.S.C. § 1415(i)(2)(A). The provision of the IDEA governing federal court review of state administrative decisions provides: "the court (i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C); Draper v. Atlanta Indep. Sch. Sys., 518 F.3d 1275, 1280 (11th Cir. 2008). The Court notes that the parties have not requested that the Court hear additional evidence.

A reviewing court may accept or reject the findings of the administrative law judge. Jefferson County Bd. of Educ. v. Breen, 853 F.2d 853, 857 (11th Cir. 1988). The administrative fact findings, however, "are considered to be prima facie correct, and if a reviewing court fails to adhere to them, it is obliged to explain why." Loren F., 349 F.3d at 1314 n.5. A district court is generally required to respect a state hearing officer's findings when they are thoroughly and carefully made. Board of Educ. v. Rowley, 458 U.S. 176, 206 (1982)(stating reviewing courts must give "due weight" to

4

the administrative proceeding).  The Court has the discretion to determine the level of deference it will give the ALJ's findings; however, it must accord judicial deference to local administrative agency judgments when considering matters calling upon educational expertise because administrative agencies are deemed to have expertise in education policy and practice.  <u>Jefferson County Bd. of Educ.</u>, 853 F.2d at 856; <u>Walker County Sch. Dist. v. Bennett</u>, 203 F.3d 1293, 1297-98 (11th Cir. 2000); <u>Loren F.</u>, 349 F.3d at 1314 n.5.

<u>Subject Matter Jurisdiction</u>

Plaintiff seeks reversal of the Final Order based on lack of subject matter jurisdiction and authority under the IDEA. Under the IDEA, parents of a child must be given an opportunity to present a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, <u>or</u> the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6)(A)(emphasis added).

In the case at bar, the parents presented a complaint concerning a matter relating to the evaluation of the child. Specifically, the parents' complaint asserts that the IDEA grants parents a right to an IEE and that actions by local educational agencies to frustrate that right violate the

5

procedural safeguards mandated by the IDEA.  Based upon the plain language of the statute, the ALJ had jurisdiction to consider the parents' complaint and to order the relief sought.  See J.P., 218 F. App'x at 913 (noting that the statutory language providing "*any* matter *relating to* the identification, evaluation, or educational placement of a child, or the provision of a [FAPE] to such child" is unambiguous and includes a broad spectrum of claims).

The Court finds Plaintiff's argument that the evaluation at issue in this case is not entitled to any protection under the IDEA, other than the right to have it considered by the IEP Team, to be unavailing.  The Court notes that Plaintiff did not provide any case law directly on point as to this issue.  Accordingly, the Court finds that Plaintiff has not established that the ALJ lacked subject matter jurisdiction and/or authority under the IDEA to enter the Final Order.

<u>Interpretation and/or Application of the Law</u>

Plaintiff seeks reversal of the Final Order based on erroneous interpretation and/or application of the law. Plaintiff argues that there is no authority in the IDEA that would require the Plaintiff to provide classroom access to a privately retained psychologist in order to undertake an evaluation.

6

The Office of Special Education Programs (OSEP), the agency within the United States Department of Education administering the IDEA, found that local or state procedures control whether or not a school can refuse to allow observation by the parent's private psychologist or other professional under the parent's hire. Letters to Blades, 213 IDELR 169 (OSEP 1988). OSEP further encouraged district personnel and parents to cooperate in meeting the needs of parents and the school and recognized that "there may be circumstances in which access may need to be provided. For example, if parents invoke their right to an [IEE] of their child, and the evaluation requires observing the child in the educational placement, the evaluator may need to be provided access to the placement." Letter to Mamas, 42 IDELR 10 (OSEP 2004). Plaintiff suggests that Letter to Mamas is not applicable to the case at bar because it fails to distinguish between IEEs made at public expense and IEEs made at private expense. The Court, however, is not persuaded by Plaintiff's argument that it should differentiate between the public and private expensed IEEs when determining access to classroom observation.

This Court finds that, given the standard of review, Plaintiff has not met its burden of showing that the ALJ's

7

Final Order was based on erroneous interpretation and/or application of the law. On the contrary, the Court finds that the ALJ accurately interpreted and applied the law and appropriately ordered Plaintiff to permit Dr. Duncan to conduct an in-school observation of at least two hours.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Plaintiff's Motion for Summary Judgment (Doc. # 26) is **DENIED**. Plaintiff shall comply with the Final Order of the Administrative Law Judge.

(2) The Court, finding that there is no just reason for delaying L.H.'s evaluation further, directs the Clerk to enter a final judgment in favor of the Defendants and against the Plaintiff as to Plaintiff's claims.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>30th</u> day of September, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

8